**TC RAVENSWOOD, LLC, Petitioner**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent**

**Central Hudson Gas & Electric Corporation, et al., Intervenors.**

**No. 12–1434.**

United States Court of Appeals, District of Columbia Circuit.

May 12, 2014.

Kenneth L. Wiseman, Gia Vassanelli Cribbs, Lisa Michelle Purdy, William Michael Rappolt, Mark F. Sundback, Andrews Kurth LLP, John Peter Ripley, Esquire, Fried, Frank, Harris, Shriver & Jacobson LLP, Washington, DC, Kristine Leah Delkus, Transcanada Pipelines Limited, for Petitioner.

Carol Jayne Banta, Samuel Soopper, David Leo Morenoff, Robert Harris Solo-

mon, Esquire, Federal Energy Regulatory Commission (FERC) Office of the Solicitor, Washington, DC, for Respondent.

Elias G. Farrah, Winston & Strawn LLP, Joseph B. Nelson, Van Ness Feldman LLP, Ted J. Murphy, Hunton & Williams LLP, Washington, DC, Kevin M. Lang, Couch White, LLP, Albany, NY, Neil H. Butterklee, Kristina Nifora, Consolidated Edison Company of New York, Inc., New York, NY, Andrew Francis Neuman, New York Power Authority, White Plains, NY, for Intervenors.

Before: HENDERSON and MILLETT, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### *JUDGMENT*

PER CURIAM.

This petition for review was considered on the record from the Federal Energy Regulatory Commission and on the briefs and arguments of the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition be dismissed.

TC Ravenswood operates an electric generation facility in Queens, New York. When electricity demand is particularly high, the New York State Reliability Council requires Ravenswood to burn fuel oil instead of natural gas to guard against outages. That practice, known as "min oil service," is more expensive than using natural gas, and the New York State Independent System Operator compensates generators for some of those added costs through its Market Administration and Control Area Services Tariff.

On May 27, 2010, Ravenswood filed with the Federal Energy Regulatory Commission a complaint alleging that the Services Tariff did not adequately compensate it. The same day, Ravenswood filed its own proposed rate schedule for min oil service under Section 205 of the Federal Power Act. 16 U.S.C. § 824d. The Commission rejected the proposed rate schedule, reasoning that it was duplicative of the existing Services Tariff. *TC Ravenswood, LLC,* 133 FERC ¶ 61,087, at PP 24–25 (Oct. 27, 2010). Ravenswood filed a petition for rehearing.

While the petition for rehearing was pending, Ravenswood and the system operator settled the complaint. The settlement agreement compensated Ravenswood for past min oil service through April 30, 2011. It also prospectively resolved Ravenswood's compensation through April 30, 2014 and modified the Services Tariff to promote future min oil service agreements. The settlement did not resolve a legal question raised by Ravenswood's Section 205 filing: whether it had a right to file a separate rate schedule for min oil service. By letter order, the Commission approved the settlement. *TC Ravenswood, LLC v. N.Y. Indep. Sys. Operator, Inc.,* 135 FERC ¶ 61,125 (May 12, 2011).

Sixteen months later, the Commission responded to Ravenswood's petition for rehearing on its rate schedule. The Commission dismissed the petition "as moot, without prejudice," because the settlement had resolved all compensation issues through April 30, 2014. *TC Ravenswood, LLC,* 140 FERC ¶ 61,214, at PP 16–17 (Sep. 20, 2012). The Commission reasoned that under those circumstances an order approving or rejecting Ravenswood's right to file a rate schedule "would effectively be a declaratory order on a purely hypothetical matter." *Id.* at P 17. Ravenswood seeks judicial review of that order and the

initial order rejecting its rate schedule. A week before oral argument Ravenswood filed with the Commission a new rate schedule for min oil service. *See* TC Ravenswood, LLC, Dkt. ER14–1711, (Fed. Energy Regulatory Comm'n Apr. 11, 2014), *available at* http://elibrary.ferc.gov/idmws/docket_sheet.asp; Oral Arg. Tr. at 4:12–5:5. Ravenswood Counsel acknowledged that, with this new filing, Ravenswood has no further interest in compensation under the schedule at issue in this petition. Oral Arg. Tr. at 31:10–32:2.

We think this petition is controlled by our opinion in *Panhandle Eastern Pipe Line Co. v. FERC,* 198 F.3d 266 (D.C.Cir. 1999). Panhandle filed two rate schedules with the Commission and, in each case, received an unfavorable initial decision. *Id.* at 267–68. It petitioned for rehearing of both decisions, but before the Commission could address either petition, Panhandle settled all outstanding rate proceedings. *Id.* at 268. It then moved to vacate the initial decisions, but the Commission denied its motion and Panhandle petitioned for judicial review. *Id.* We held that Panhandle was not an aggrieved party because the Commission "never issued final judgments disposing of Panhandle's rate filings." *Id.* Rather, both filings were "rendered moot" by the settlement, *id.,* because the Commission conceded that the prior opinions—although not vacated—had no precedential effect. *Id.* at 269–70.

Here, the Commission's order on rehearing did not give rise to a reviewable final judgment disposing of Ravenswood's filings. *See Papago Tribal Util. Auth. v. FERC,* 628 F.2d 235, 239 (D.C.Cir.1980). Like *Panhandle,* the issues are "moot" because Ravenswood is no longer seeking approval of the rates at issue in this case. By dismissing "without prejudice," the Commission allowed Ravenswood to renew its legal arguments in connection with its new filing without suffering any preclusive effect. Commission counsel repeatedly confirmed at oral argument that the Commission's initial order has no "precedential effect." Oral Arg. Tr. at 17:12–18:6, 19:5–9. The Commission made the same concession as it did in *Panhandle.* Oral Arg. Tr. at 15:4–16. We therefore reach the same result.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing. *See* Fed. R.App. P. 41(b); D.C. CIR. R. 41(a)(1).